Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Alan Gudino, Esq. (SBN: 326738)
alan@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Pedro Mendoza

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MENDOZA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No.: 5:21-cv-00098<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 U.S.C. §§ 2601,** *ET SEQ.*<br><br>**JURY TRIAL DEMANDED** |

---

CLASS ACTION COMPLAINT  *MENDOZA v. WELLS FARGO BANK, N.A.*

Pedro Mendoza ("Plaintiff" or "Mr. Mendoza") brings this class action Complaint, by and through his attorneys, against Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") and alleges as follows:

**INTRODUCTION**

1. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

2. While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

3. Unless otherwise indicated, the use of Wells Fargo's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Wells Fargo.

4. Congress found "that significant reforms in the real estate settlement process are needed to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a). To address this finding, Congress passed the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq*., ("RESPA") in 1974.

5. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulation. 12 U.S.C. § 2617.

6. Under RESPA and Regulation X, loan servicers, including Wells Fargo, must provide borrowers with specific account information available to them in the regular course of business upon receiving a Qualified Written Request ("QWR") or

a Request for Information ("RFI") from the borrower. 12 U.S.C. § 2605(e)(1)(A); 12 C.F.R. § 1024.36(a).

7. A servicer must respond within 30 days to a QWR for information or an RFI in one of two ways: (1) provide the requested information, or (2) conduct a "reasonable search" for the requested information and provide the borrower with a written notification explaining the basis for the servicer's determination that the requested information is "not available." 12 U.S.C. § 2605(e)(2); 12 C.F.R. § 1024.36(d)(1)(i)–(ii).

8. In its official commentary to Regulation X, the CFPB outlines what constitutes as information that is "not available." Information is "not available" if: "[(1.)] The information is not in the servicer's control or possession, or [(2.)] The information cannot be retrieved in the ordinary course of business through reasonable efforts." 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii).

9. As an example of "available" information, the CFPB provides the following in its official commentary to Regulation X:

> A borrower requests **a copy of a telephonic communication with a servicer.** The servicer's personnel have access in the ordinary course of business to **audio recording files** with organized recordings or transcripts of borrower telephone calls and can identify the communication referred to by the borrower through reasonable business efforts. **The information requested by the borrower is available to the servicer.**

12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii) (emphasis added).

10. Wells Fargo has neglected to fulfill its duty to provide information available to it in the regular course of business to Plaintiff upon receipt of Plaintiff's QWR and RFI.

11. As alleged in greater detail below, Wells Fargo has demonstrated a "pattern or practice" of failing to adequately respond to borrowers' requests for

account information, which makes Wells Fargo liable for statutory damages in an amount up to $2,000 for each failure to adequately respond. 12 U.S.C. § 2605(f).

12. Notwithstanding this glaring failure to abide by its statutory duty, and despite Plaintiff's informing Wells Fargo of its failure, Wells Fargo continues to incorrectly characterize Plaintiff's and other borrowers' reasonable requests for account information as "privileged, confidential and/or proprietary information of Wells Fargo."

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to RESPA, 12 U.S.C. § 2614, and generally pursuant to 28 U.S.C. § 1331 because the action arises out violations of federal law.

14. This Court has personal jurisdiction over Wells Fargo because Wells Fargo conducts business in California and maintains sufficient contacts with the state and this federal district.

15. Venue is appropriate in the United States District Court for the Central District, Eastern Division of California pursuant to 28 U.S.C. § 1391 for the following reasons: Plaintiff resides in Riverside County, California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Wells Fargo conducted business within this judicial district at all relevant times.

## PARTIES

16. Mr. Mendoza is a resident and citizen of Riverside County in the State of California.

17. Upon information and belief, Defendant is a national association that is headquartered in South Dakota.

18. Upon information and belief, Defendant conducts mortgage servicing operations through its Wells Fargo Home Mortgage division, which is headquartered in Des Moines, Iowa.

**FACTUAL ALLEGATIONS**

19. Plaintiff incorporates by reference all the above paragraphs of this complaint as if fully stated herein.

20. Wells Fargo is the loan servicer for Plaintiff's mortgage.

21. On September 18, 2020, Mr. Mendoza, through counsel, sent Wells Fargo a Notice of Error and Request for Information pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. §§ 1024.35, 1024.36.

22. In this letter, Plaintiff disputed the amount of the debt owed, and asked Wells Fargo for several documents associated with his account, including: "A copy of any and all recordings of [Plaintiff] or any other person concerning [Plaintiff's] account."

23. On or about October 20, 2020, Plaintiff received correspondence from Wells Fargo dated October 13, 2020.

24. In this correspondence, Wells Fargo failed to provide any of the requested recordings.

25. Wells Fargo merely delayed its response by stating: "[i]t was our goal to respond with our results by October 13, 2020. We now expect to complete our work by October 27, 2020."

26. On or about October 28, 2020, Plaintiff received correspondence from Wells Fargo dated October 27, 2020.

27. In this correspondence, Wells Fargo again failed to provide any of the requested recordings.

28. Again, Wells Fargo merely delayed its response by stating: "[i]t was our goal to respond with our results by October 27, 2020. We now expect to complete our work by November 10, 2020."

29. On or about November 12, 2020, Plaintiff received correspondence from Wells Fargo dated November 10, 2020.

30. In this correspondence, Wells Fargo—for a third time—failed to provide any of the requested recordings.

31. Wells Fargo used the same boiler plate language to delay its response for a third time by stating: "[i]t was our goal to respond with our results by November 10, 2020. We now expect to complete our work by November 25, 2020."

32. On or about November 17, 2020, Plaintiff received a response to his request from Wells Fargo dated November 16, 2020.

33. In its response, Wells Fargo failed to provide any of the requested recordings.

34. On December 15, 2020, Plaintiff's counsel sent a meet and confer letter to Wells Fargo, again requesting the recordings.

35. In this letter, Plaintiff's counsel explained: "Our client has various concerns about [his] account including application of past payments, and the handling of [his] escrow account, as well as various other concerns about [his] account. The recordings are needed to determine what issues have been raised with Wells Fargo Bank, N.A., what Wells Fargo Bank, N.A.'s explanation or response to those issues were, and what if any issues Wells Fargo Bank, N.A. was put on notice about."

36. On or about December 24, 2020, Wells Fargo again sent correspondence to delay its response, stating: "It's our goal to complete the necessary research and provide you with a response by 01/07/21. If we determine additional time is needed to fully answer your inquiry, we'll provide you with a new completion date."

37. On or about January 4, 2021, Plaintiff received a response to his request from Wells Fargo dated December 30, 2020.

38. In this response, Wells Fargo again failed to provide any of the requested recordings, stating:

> "**Copies of call recordings**
> Please understand we're unable to provide you with some

of the items you requested because they are considered to be privileged, confidential and/or proprietary information of Wells Fargo. We regret we are unable to fulfill your request."

39. As of the date of the filing of this lawsuit, Plaintiff has not received any further documents from Wells Fargo, and Wells Fargo has willfully failed to provide the requested recordings.

40. Plaintiff is informed and believes that Wells Fargo received similar requests from other customers within one year prior to the filing of this Complaint.

41. After Plaintiff requested the recordings, Wells Fargo continually delayed its response. Wells Fargo then eventually provided a response but failed to provide the recordings requested, and in response to a subsequent request, it claimed the recordings requested were privileged, confidential and/or proprietary information.

42. Plaintiff is informed and believes and hereupon alleges that Wells Fargo has refused to produce recordings for possibly hundreds if not thousands of customers that have requested them.

43. Plaintiff is informed and believes and hereupon alleges that Wells Fargo can easily produce the requested recordings through reasonable business efforts.

44. Plaintiff is informed and believe and hereupon alleges that Wells Fargo did not review each account individually to determine if each consumer's request was privileged, confidential and/or proprietary information.

45. Plaintiff is informed and believes that several of the individuals that requested recordings from Wells Fargo had only a handful of conversations with Wells Fargo; therefore, the production of the recordings should be available through reasonable business efforts.

46. Plaintiff is informed and believes that the audio recordings are not privileged or confidential, nor do they contain any proprietary information of Defendant.

47. Wells Fargo's pattern and practice of non-compliance with RESPA is apparent because it first delayed its response beyond the 30-day limit established under RESPA, it later failed to provide the requested recordings, and it ultimately denied Plaintiff's request for recordings because it argued that the recordings were considered privileged, confidential and/or proprietary information of Wells Fargo.

48. Plaintiff requested the recordings at least three times, but Wells Fargo failed to produce the recordings in each request, which further illustrates Wells Fargo's pattern and practice of non-compliance.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action on behalf of himself individually and on behalf of all others similarly situated, pursuant to Federal Rule Civil Procedure 23(b)(1), (b)(2) and/or (b)(3).

50. The putative class ("the Class") that Plaintiff seeks to represent is composed of:

> All persons within the United States who have or have had a mortgage loan with Wells Fargo and who within three years from the filing of this Complaint have requested copies of audio recordings or transcripts of phone calls between themselves and Wells Fargo pursuant to 12 U.S.C. § 2605(e)(1)(A) and 12 C.F.R. § 1024.36 and who have subsequently been denied access to those audio recordings by Wells Fargo.

51. Excluded from the Class are any of Wells Fargo's officers, directors, employees, affiliates, legal representatives, attorneys, heirs, and assigns, and any entity in which Wells Fargo has a controlling interest. Judicial officers presiding over this case, its staff, and immediate family members, are also excluded from the Class.

52. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to

Plaintiff at this time, such information can be ascertained through discovery from records maintained by Wells Fargo.

53. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

54. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

   a) Whether Wells Fargo failed to provide audio recordings of telephone calls between Wells Fargo and Class members as required under RESPA;
   b) Whether Wells Fargo failed to provide documents requested by Class members as required under RESPA;
   c) Whether Wells Fargo failed to conduct a "reasonable investigation" as required pursuant to 12 C.F.R. § 1024.36(d)(1)(i)–(ii);
   d) Whether Plaintiff and the Class are entitled to damages under 12 U.S.C. § 2605(f);
   e) Whether Wells Fargo demonstrates a "pattern or practice" of failing to respond to borrowers' QWRs and RFIs.
   f) Whether Wells Fargo's conduct violates 12 U.S.C. §§ 2601, *et seq.*; and
   g) Whether Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

55. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, requested documents and audio recordings or transcripts of telephone calls between Plaintiff and Wells Fargo, and Wells Fargo refused to provide them.

56. Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class he seeks to represent during the Class period.

57. In addition, Plaintiff has retained competent counsel experienced in Class action litigation to protect the interest of the Class and to prosecute this action vigorously.

58. The prosecution of separate actions by individual members of the Class and would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and lead to repetitious trials of the numerous common questions of fact and law throughout the United States. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class action. As a result, a Class action is superior to other available methods for the fair and efficient adjudication of this controversy.

59. Proper and sufficient notice of this action may be provided to the Class members through direct mail and email.

60. Moreover, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of Class treatment, Wells Fargo's violations of law inflicting substantial damages in the aggregate would not be remedied without certification of the Class.

61. Absent certification of this action as a Class action, Plaintiff and the members of the Class will continue to be harmed by Wells Fargo.

## CAUSE OF ACTION

### Violations of Real Estate Settlement Procedures Act

### 12 U.S.C. §§ 2601, *et seq.*

62. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Plaintiff's loans with Wells Fargo were at all times relevant a "federally related mortgage loan" as defined by 12 U.S.C. § 2602(1).

64. Wells Fargo is, and was at all times relevant, a loan "servicer" as defined by 12 C.F.R. § 1024.3.

65. Plaintiff and Wells Fargo are "persons" as defined by 12 U.S.C. § 2602(5).

66. A failure to follow regulations promulgated by the CFPB in Regulation X is *per se* a violation of RESPA. 12 U.S.C. § 2605(k).

67. Plaintiff's request for audio recordings was both a QWR pursuant to 12 U.S.C. § 2605(e)(1)(A) and an RFI pursuant 12 C.F.R. § 1024.36.

68. Audio recordings and transcripts of phone calls with borrowers are information "available in the regular course of business" to Wells Fargo. *See* 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii).

69. Wells Fargo failed to provide Plaintiff with requested information available to Wells Fargo in the ordinary course of business. Consequently, Wells Fargo violated 12 U.S.C. § 2605(e), 12 U.S.C. § 2605(k), and 12 C.F.R. § 1024.36.

70. Wells Fargo further violated 12 U.S.C. § 2605(e), 12 U.S.C. § 2605(k), and 12 C.F.R. § 1024.36 by failing to adequately investigate and respond to Plaintiff's requests.

71. Plaintiff is informed and believes that other similarly situated borrowers have requested audio recordings or transcripts of telephone calls between themselves and Wells Fargo only to be likewise denied access to that information by Wells Fargo. Additionally, Defendant has refused to provide the requested information to Plaintiff despite his several requests. This is sufficient to demonstrate a "pattern or practice" under RESPA. As such, Wells Fargo is liable for statutory damages in an amount of up to $2,000 per violation pursuant to 12 U.S.C. § 2605(f).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grants Plaintiff the following relief against Wells Fargo:

- That the Court certify this case as a class action;



- That the Court appoint Plaintiff to serve as the class representative in this matter and appoint Plaintiff's counsel as class counsel;
- That Wells Fargo's wrongful conduct alleged herein be adjudged and decreed to violate the statutes and laws asserted herein; and
- That Plaintiff and the Class be awarded injunctive relief prohibiting such conduct in the future.

**Violations of Real Estate Settlement Procedures Act**
**12 U.S.C. §§ 2601, *et seq*.**

- Injunctive relief prohibiting such conduct in the future;
- Injunctive relief ordering Wells Fargo to release audio recordings and transcripts of telephone calls to Plaintiff and the Class members;
- Statutory damages in an amount of $2,000 per violation to Plaintiff and to each member of the Class pursuant to 12 U.S.C. § 2605(f);
- An award of actual damages according to proof per violation to Plaintiff and to each member of the Class pursuant to 12 U.S.C. § 2605(f);
- Attorneys' fees and costs; and
- Any and all further relief that this Court deems just and proper.

## **TRIAL BY JURY**

72. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Date: January 20, 2021                                  **KAZEROUNI LAW GROUP, APC**

                                                        By: *s/ Abbas Kazerounian*
                                                            Abbas Kazerounian, Esq.
                                                            *Attorneys for Plaintiff*

11
CLASS ACTION COMPLAINT                                     MENDOZA V. WELLS FARGO BANK, N.A.